UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ROSS,

        Plaintiff,

                                    Case No. 12-CV-13387

vs.

                                    HON. GEORGE CARAM STEEH

WELLS FARGO BANK, N.A.,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
PEOPLE'S CHOICE HOME
LOAN, INC.,

        Defendants.
_____/

## ORDER GRANTING MOTIONS TO DISMISS (DOCS # 7, 14)

### INTRODUCTION

*Pro se* plaintiff Gerald Ross filed a largely unintelligible complaint in Wayne County Circuit Court in July 2012, alleging state and federal claims in connection with one or more mortgages, or the releases thereof, on real property, including various kinds of fraud and violations of the Deceptive Trade Practices Act.  Defendants have moved to dismiss the complaint, a request the court will grant as set forth below.

### BACKGROUND

It appears that after Ross's July 2012 state court complaint was served on defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Mortgage Electronic Registration Systems ("MERS"), each defendant forwarded the matters to different counsel.[1]  The identical complaint was then removed by each of the two different

---

[1] The third defendant, People's Choice Home Loan, apparently no longer exists and has not been served.

-1-

attorneys/law firms, both representing that they were acting on behalf of Wells Fargo *and* MERS. This court was assigned the above-captioned case number, to which later-filed case number 12-13473 was determined to be a companion. The later-filed case was then reassigned to this court as a companion, and the cases have been consolidated. Meanwhile, respective defense counsel filed motions to dismiss in both cases. The motion to dismiss filed in the later of the two cases has since been re-filed in the consolidated case. The court's discussion, below, will address the two motions, which contain overlapping arguments.

## DISCUSSION

The two motions to dismiss both convincingly assert that Ross's complaint fails to meet Fed. R. Civ. P. pleading standards, generally, and specifically that Ross's allegations of fraud are not stated with the particularity required under Fed. R. Civ. P. 9(b). The defendants also demonstrate that Ross has failed to state a claim under particular state and federal statutes he references in his complaint.

The court has considered both the "complaint" Ross filed in July 2012, as well as his later filed "complaint" (September 12, 2012).[2] In the second-filed complaint, Ross's first count is captioned "breach of contact with fabricated mortgage documents." In those paragraphs (¶¶ 12-24), Ross refers to the first and second pages of a mortgage agreement recorded in September 2006; a document entitled "Mortgage Release, Satisfaction, and Discharge," recorded in August 2006; a three paragraph AP article stating that the government has filed lawsuits over "toxic mortgage securities" issued by

---

[2] The court acknowledges the defendants' motion to strike the second-filed complaint, which it notes was not filed in the consolidated case. However, the court finds that neither "complaint" could survive the defendants' motion to dismiss, and therefore addresses the second filed complaint in this discussion.

several big banks; a "Michigan Certificate of Discharge," reflecting the August 2006 discharge of a mortgage in the amount of $80,000; a "Corporate Assignment of Mortgage" dated November 4, 2011, reflecting the assignment of an 8/27/08 mortgage from MERS "as nominee for Access National Mortgage Corporation" to Wells Fargo Bank; and what appears to be a copy of the list of results of searches Ross performed at the Register of Deeds, generating some of the above listed documents.  Ross generally asserts that "fraud and or irregularity are throughout the Documents."  He also asserts that two of the documents violate Mich. Comp. Laws Ann. 750.248(4) and 249(3) that several of them represent money laundering.

The remainder of Ross's seven counts refer to these same documents, and assert "violations of the REMIC law which is a Tax violation under the IRS;" violations of "RESPA-The Federal Real Estate Procedures Act of 1974, 12 USC Sec 2601 et seq.;" violations of the "Servicer Perfomance (sic) Agreement;" "violation under the Uniform Commerial (sic) Code;" and state law claims of unjust enrichment and abuse of legal process.

Ross's nonsensical complaint fails to give any factual support for any of the violations he alleges.  In fact, it is impossible to understand what has given rise to the complaint Ross apparently has with Wells Fargo and/or the other defendants.  In his response brief to the motions to dismiss, Ross describes in his "introduction" that

> [the] foreclosures also loan modification program by the alleged lenders has caused this Country to fall into a disaster instead of becoming a release program because of the leaders also mortgage companies (sic) practices of not following the rules and the law.

Ross's Response Brf. at 3.  Neither this general statement nor any additional information/language Ross includes in his response assists the court to better

understand the complaint and any particular injury about which Ross is complaining.

The court is in full agreement with the defendants that, even taking his *pro se* status into account, Ross has not met the requisite pleading standards under Fed. R. Civ. P. 8, let alone those applicable to fraud claims under Fed. R. Civ. P. 9(b).

For these reasons, Ross's complaint is hereby **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

Dated:  January 16, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 16, 2013, by electronic and/or ordinary mail and also on Gerald Ross, 19191 Trinity, Detroit, MI 48219.

s/Barbara Radke
Deputy Clerk